UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 24-066 TSC |
| | : |
| SPENCER OFFMAN | : |
| | : |
| Defendant. | : |
| | : |

**UNITED STATES' RESPONSE TO DEFENDANT'S
EXPEDITED MOTION TO MODIFY CONDITIONS OF RELEASE**

On March 11, 2024, the Defendant filed his *Expedited Motion to Modify Conditions of Release* (ECF 14) requesting that this Court eliminate the condition of release requiring him to submit to testing for prohibited substances. The Defendant requests that the Court address his motion during the previously-scheduled hearing set for March 12, 2024. The United States opposes.

Under the Bail Reform Act, the touchstone of the pretrial detention inquiry is whether a defendant's "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Imposition of a condition or combination of conditions of release may be necessary to achieve such assurance. *Id*. § 3142(c). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must take into account the following factors:

(1) the nature and circumstances of the offense charged. . .

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

*Id.*, § 3142(g). The defendant should be "subject to the least restrictive . . . condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.*, § 3142(c)(1)(B); see generally *United States v. Viau*, No. CR 19-09 (CKK), 2019 WL 3412920, at *2 (D.D.C. July 29, 2019). The judicial officer may at any time amend the order to impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3).

The four corners of the Defendant's motion provides no basis for the Court to grant such relief. Upon information and belief, the Defendant will argue that the relief he seeks is warranted because similar testing is being conducted in connection with his DWI diversion agreement with the State of Washington.[1] Further, the United States anticipates that the Defendant will argue that he has been in compliance with the terms and conditions of that agreement since its inception. While that may be true, it is insufficient reason for this Court to grant the motion.

---

[1] According to the PTS report, on June 20, 2023, a state court in Redmond, WA imposed 24 months of probation following the Defendant's arrest for driving under the influence.

Here, drug testing is a key component of the least restrictive *combination of conditions* necessary to reasonably assure the protection of the community. 18 U.S.C. § 3142(c). This is true because the Defendant was arrested for an alcohol-related offense less than one year ago, which raises obvious red flags. Thus, monitoring the Defendant's use of prohibited substances is the best and most effective way to mitigate those concerns and assure the protection of the public.

The fact that another entity may be likewise monitoring the Defendant provides no cause for this Court to grant the motion. Indeed, doing so would effectively cede the legitimate interests of this Court to a state entity. Granting the motion would strip this Court with the authority to administer how such testing is conducted, when it is done, who does it, for how long the testing should last, and the consequences that follow should a positive result be obtained. Maintaining the status quo, on the other hand, would preserve the Court's ability to answer each one of those questions on its own.

For these reasons, the United States respectfully requests that the Court deny the motion.

|  |  |
|---|---|
| DATED: March 12, 2024 | Respectfully submitted,<br><br>MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
|  | By:  /s/ Jack Burkhead<br>Jack Burkhead<br>NM Bar No. 10493<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street NW<br>Washington, DC 20001<br>(505) 224-1434<br>jack.e.burkhead@usdoj.gov |